IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VIDA CROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 06 C 5018 |
| | ) | Wayne R. Andersen |
| | ) | District Judge |
| BOARD OF TRUSTEES OF ILLINOIS | ) | |
| COMMUNITY COLLEGE DISTRICT | ) | |
| NO. 508, d/b/a CITY COLLEGES OF | ) | |
| CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on defendant, Board of Trustees, Illinois Community College District No. 508, d/b/a the City Colleges of Chicago's ("City Colleges") motion to dismiss plaintiff, Vida Cross' ("Cross") Second Amended Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the following reasons, that motion is granted in part and denied in part.

## BACKGROUND

Cross is employed as a professor by City Colleges. On March 31, 2006, Cross filed a charge of discrimination with the EEOC alleging that City Colleges discriminated against her on the basis of her sex in violation of Title VII (the "March Charge"). The EEOC issued a right-to-sue letter on June 27, 2006. On December 6, 2006, Cross filed another EEOC charge against City Colleges (the "December Charge"), this time alleging that City Colleges had retaliated

against her for having filed the March Charge. The EEOC issued a right-to-sue letter on January 31, 2007.

On November 16, 2007, Cross filed her Second Amended Complaint against City Colleges alleging sex discrimination and retaliation. In support of her discrimination claim, Cross sets forth three instances of alleged discrimination. Cross alleges that those three instances of discrimination occurred in July, 2003, May, 2004, and May, 2005, respectively. In support of her retaliation claim, Cross sets forth two instances of alleged retaliation. Specifically, Cross alleges she was first retaliated against when she was denied opportunities to teach "during the summer and fall of 2006." Cross also alleges that, on July 10, 2006, she was interviewed for a "false" position. Her allegation that she was interviewed her for a "false" position was not included in either of her EEOC charges.

City Colleges now moves to dismiss Cross' Second Amended Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Specifically, City Colleges argues that this Court lacks subject matter jurisdiction over Cross' sex discrimination claim because Cross failed to timely file her March Charge. City Colleges also argues that this Court lacks subject matter jurisdiction over Cross' retaliation claim because, by not including the "false" interview allegation in the December Charge, Cross failed to exhaust all administrative remedies.

## DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) asks the court to dismiss a matter over which it allegedly lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Similar to a Rule 12(b)(6) motion to dismiss, in deciding a Rule 12(b)(1) motion, the court must accept all of the factual allegations made in the complaint as true and construe all of the facts in the light most favorable to the non-moving party. *Bontkowski v. First Nat'l Bank of*

*Cicero,* 998 F.2d 459, 461 (7th Cir. 1993). A Rule 12(b)(1) motion differs from a Rule 12(b)(6) motion in that the court may look beyond the allegations in the complaint and consider other submitted evidence. *Johnson v. Apna Ghar, Inc.,* 330 F.3d 999, 1001 (7th Cir. 2003).

### A. Sex Discrimination Claim

City Colleges argues that Cross failed to timely file her March Charge with the EEOC and, as a result, that her claim of sex discrimination is time-barred under Title VII. Title VII provides that, in a state that has an entity with the authority to grant or seek relief for unlawful employment practices, an employee alleging such practices must file her complaint within 300 days of the date that the unlawful practice allegedly occurred. 42 U.S.C. § 2000e-5(e)(1). Here, Cross did not timely file her March Charge. Cross' filed her EEOC charge alleging sexual discrimination on March 31, 2006. Under Title VII, any alleged acts of discrimination against Cross must have occurred on or after June 4, 2005 in order for her March Charge to be timely. However, all three of the alleged instances of discrimination contained in Cross' Second Amended Complaint occurred before June 4, 2005. Thus, Cross exceeded the statutorily allotted 300 days in which to file her charges of discrimination and, therefore, this court lacks jurisdiction over her discrimination claim. Accordingly Cross' claim for sexual discrimination is dismissed.

### B. Retaliation Claim

City Colleges argues that this Court lacks jurisdiction over Cross' retaliation claim because she failed to exhaust all administrative remedies prior to initiating this action. Specifically, City Colleges contends that, because Cross failed to raise the "false" interview allegation contained in her Second Amended Complaint in her December Charge, the EEOC was

3

unable to investigate or conciliate that claim. A suit is properly brought under Title VII only if an employee has first exhausted all administrative remedies.. 42 U.S.C. § 2000(e)-5(c),(e); *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996). However, "the scope of the judicial complaint is not limited to the precise facts set out in the EEOC charge." *Hemmige v. Chi. Pub. Schs.*, 786 F.2d 280, 283 (7th Cir. 1986). The test for determining whether or not the allegations in a complaint fall within the scope of an EEOC charge is if the allegations are similar to, or reasonably related to, what is alleged in the EEOC charge. *Cheek*, 97 F.3d at 202. If there is a sufficient relationship between the allegations, "the court then asks whether the current claim reasonably could have developed from the EEOC's investigation of the charges before it." *Id.* Here, we find that the "false" interview allegation contained in Cross' Second Amended Complaint is reasonably related to Cross' allegation in her December Charge that City Colleges retaliated against Cross by not assigning her classes to teach for the spring or summer semesters of 2006. We further find that the "false" interview allegation could reasonably have developed from the EEOC's investigation of Cross' December Charge. Thus, this Court has subject matter jurisdiction over Cross' retaliation claim. Accordingly, City Colleges' motion to dismiss is denied with respect to that claim.

## CONCLUSION

For the foregoing reasons, City Colleges' motion to dismiss [31] is granted with respect to Cross' discrimination claim and denied with respect to Cross' retaliation claim.

It is so ordered.

*Wayne R. Andersen*
United States District Judge

Date: May 20, 2008